IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN MENDOZA,<br>    Plaintiff, | : <br> : | CIVIL ACTION |
| v. | : <br> : <br> : | |
| GRIBETZ INTERNATIONAL, INC.,<br>    Defendant. | : <br> : | No. 10-1904 |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                  May 27, 2011

      Plaintiff Joan Mendoza claims that he suffered injuries after he placed his hand in a quilting machine manufactured by Defendant Gribetz International ("Gribetz"). He alleges that the machine was defective and did not feature adequate warnings. Gribetz filed a motion for summary judgment which is now before the Court. Because Plaintiff has failed to offer any evidence that a genuine issue of material facts exists, the Court must grant the motion.

I.     BACKGROUND

      As part of his job at Reliance Bedding Corporation, Joan Mendoza operated a quilting machine. (Def.'s Mot. for Summ. J. Ex. A [Compl. ¶¶ 6-7].) Mendoza alleges that the quilting machine was a Legacy 4/2 High Speed Multi-Needle Chain Stitch Quilting Machine, bearing Serial No. 48101L, and was manufactured, fabricated, assembled, marketed, sold or otherwise placed into the stream of commerce by Defendant. (*Id*. ¶ 3.) As alleged in his Complaint, Mendoza was hurt on March 31, 2008 "when the machine suddenly and without warning pulled [his] left arm into the machine and into the pressing component." (*Id*. ¶ 7.) However, according to Mendoza, there were two separate incidents involving the machine. (Def.'s Mot. for Summ. J. Ex. D [Mendoza Dep.] at

32.) The first incident occurred on March 3, 2008 and involved a bar falling off and caused Mendoza to injure his right shoulder, his elbow, and his back. (*Id*. at 32, 40.) Specifically, he hurt his right elbow when "a roll rolled down [his] right arm" and cracked his elbow as he tried to stop it from hurting him. (*Id*. at 41.) The March 31, 2008 incident involved the machine catching Mendoza's left hand between two of the rolls as he tried to straighten out material. (*Id*. at 32, 50-52.) Mendoza was able to shut the machine off after his hand got stuck in the rollers, but workers had to break part of the machine to free his trapped hand. (*Id*. at 55.) The only injury he suffered as a result of the March 31, 2008 incident was to his left hand. (*Id*. at 56.) The injury to his left hand did not affect the earlier injuries to his right shoulder or his right elbow, and his back no longer bothers him. (*Id*. at 40, 61.)

The machine at issue displays a warning that states:

> DANGER
>
> KEEP HANDS
>
> AWAY FROM
>
> ROLLERS

(Def.'s Mot. for Summ. J. Exs. E, F, & G [Machine Pictures].) That same sign also warns of possible severe injuries and shows a hand caught between two rollers. (*Id*.) Another posted sign warns individuals to "NEVER PLACE YOUR HANDS, HEAD OR ANY OTHER BODY PART NEXT TO OR BETWEEN THE LARGE MATERIAL CARRIAGE AND THE FRONT FIXED END COVER" and that "ELECTRICAL POWER MUST BE TURNED OFF BEFORE ANY MACHINE ADJUSTMENTS, REPAIRS, OR MALFUNCTION CORRECTIONS ARE PERFORMED." (*Id*.) Although Mendoza testified that he did not read English well, he stated that

he was aware that he was to keep his hands away from all of the rollers and that the signs were posted at the time of the incidents. (*Id*. at 65-66.)

Plaintiff filed his Complaint in the Philadelphia County Court of Common Pleas on March 29, 2010, asserting products liability, breach of warranty, and negligence claims. Defendant removed to this Court. Following a Rule 16 conference on November 10, 2010, the Court issued a Scheduling Order which stated that fact and expert discovery would close on Monday, April 4, 2011. The Court also set forth its procedure for responding to a motion for summary judgment, including filing a separate statement of disputed facts responding to the movant's statement of undisputed facts and setting forth, in numbered paragraphs, any additional facts which the responding party asserts precludes summary judgment. Pursuant to this order, all facts contained in the statement of undisputed facts are deemed admitted unless opposed by the responding party.

To date, Plaintiff has "not conducted any discovery on the defendant, taken a deposition, served any interrogatories, document request or admissions upon the defendant, nor has he identified a medical expert for trial, nor produced any medical expert reports regarding the injuries allegedly sustained on March 31, 2008."[1] (Def.'s Mot. for Summ. J. ¶ 17; *see also* Def.'s Statement of Uncontested Facts ¶¶ 14-19.)

---

[1] Plaintiff's lawyer does not dispute this fact and the Court is concerned about the lack of work done to further Mendoza's case. The Court cannot fathom how Plaintiff could recover if he took no depositions, propounded no written discovery, and submitted no affidavits. It is not clear if Plaintiff's lawyer even inspected the quilting machine. Plaintiff's response to Defendant's motion for ignores the clear directives of this Court's Scheduling Order and offers nothing more than some general Pennsylvania law with a few comments about this case strewn throughout. The response includes no record citations or exhibits. The absence of evidence leaves this Court with no choice but to grant Defendant's motion. Mendoza may wish to investigate whether he has a claim against his current counsel for the lawyer's failure to put forth a case on his behalf.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying those portions of the record that it believes illustrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party makes such a demonstration, then the burden shifts to the nonmovant, who must offer evidence that establishes a genuine issue of material fact that should proceed to trial. *Id.* at 324; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). "Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams v. Borough of W. Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

When evaluating a motion brought under Rule 56, a court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). A court must, however, avoid making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III. DISCUSSION

Defendant offers several reasons to grant summary judgment, but ultimately the Court concludes that Plaintiff's failure to put forth any evidence that would allow a jury to find in his favor requires dismissal of his case. This Court cannot allow a case to go to a jury simply because

Mendoza suffered an injury while using Defendant's quilting machine.

Gribetz claims that any injuries suffered as a result of the March 3, 2008 incident fall outside the statute of limitations and are not part of this case. (Def.'s Br. in Supp. of Mot. for Summ. J. at 16-18.) Plaintiff responds that whether the statute of limitations has run is a question for a jury because material issues of fact remain as to when Plaintiff suffered his injuries. (Pl.'s Br. in Opp'n of Def.'s Mot. for Summ. J. [Pl.'s Opp'n] at 5-6.) This response lacks any basis in the record. Plaintiff clearly stated that he hurt his right shoulder, his elbow and his back on March 3, 2008 and the only body part he injured on March 31, 2008 was his left hand.[2] Plaintiff points to no other testimony, either from his own testimony or from a doctor or other medical expert, to suggest that "issues of fact still remain as to when Plaintiff's injuries manifested and to when he should have been required to file." (Pl.'s Opp'n at 6.) Thus, any injuries suffered outside Pennsylvania's two-year statute of limitations for personal injury lawsuits are foreclosed. *See* 42 Pa. Cons. Stat. Ann. § 5524(2).

But setting aside the statute of limitations issue, Plaintiff's claims suffer from two fatal defects. First, he failed to put forth an expert on his liability case. Second, he failed to put forth any other evidence to sustain his claims.

Expert testimony is generally required to sustain a products liability case. *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000). However, the lack of an expert is not fatal to a products liability case if the asserted defect is "obvious enough to be ascertainable by the average juror without speculation." *Chubb v. On-Time Wildlife Feeders*, 578 F. Supp. 2d 737, 739 (E.D. Pa.

---

[2] Plaintiff's Complaint makes no mention of a March 3, 2008 incident involving the quilting machine.

2008); *Marino v. Maytag Corp.*, Civ. A. No. 02-2085, 2005 WL 2403638, at *3 (E.D. Pa. Sept. 29, 2005) (noting that Pennsylvania has no per se rule that lack of expert in design defect case requires dismissal of claims). There is nothing obvious about the defect here. In fact, Plaintiff has not set forth any evidence as to what the purported defect may be. Although Plaintiff's response contains legal citations about the need for adequate warnings to make a product safe and his intention of proving at trial that the warnings on the machine were defective and inadequate, the record is barren of any evidence that the machine lacked adequate warnings. The only evidence in this case about warnings comes from Defendant, and it shows that the machine included numerous warnings of which Mendoza was aware. The suggestion on page five of Mendoza's opposition that a safety guard on the machine would have prevented his injuries is merely the unsubstantiated belief of his lawyer. But Plaintiff's lawyer's suggestion of how to improve Defendant's machine will not get the case to a jury. How is a jury to find in Mendoza's favor when he has adduced no evidence to counter the fact that Plaintiff placed his hand near the rollers of a large quilting machine despite his knowledge of warnings regarding such behavior? Plaintiff cannot overcome summary judgment when he has no evidence about how the machine works and no basis for a finding that additional warnings would have made the machine safe given that Plaintiff testified that he knew not to place his hand in the roller.

Additionally, the failure to produce evidence on the issue of causation mandates summary judgment in favor of Gribetz. To prevail on a design defect claim under Pennsylvania law, the plaintiff must prove that: (1) the product was defective; (2) the defect existed when it left the defendant's hands; and (3) the defect caused the plaintiff's injury. *Hadar v. AVCO Corp.*, 886 A.2d 225, 228 (Pa. Super. Ct. 2005); *see also Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 749 (E.D. Pa.

6

2007). Mendoza states that "[o]n March 31, 2008, while working with Defendant's product, Plaintiff got his hand stuck in the machine and it is our allegation that these incidents were a proximate cause of Plaintiff's severe injuries. Throughout the entire process of discovery, there has not been one iota of evidence presented that contradicts this assertion and at no point have the Defendants contested any of these relevant facts." (Pl.'s Opp'n at 4.)

These contentions miss the point. First, the fact that Plaintiff made an allegation in his Complaint is not sufficient to withstand a properly supported motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . ."); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (noting that a plaintiff must set forth "specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements); *Marino*, 2005 WL 2403638, at *2 ("In opposing a motion for summary judgment in a design defect case, rather than rest on the allegations in the complaint, plaintiff is required to produce some evidence that would allow a jury to find that defendant's product was not safe for its intended use."). If a plaintiff could rest on his allegations to defeat a motion for summary judgment, courts could do away with Rule 56 and proceed straight to trial. But once the movant shows there is no genuine issue of fact, the burden shifts to the plaintiff to produce evidence that would support a jury verdict. *Anderson*, 477 U.S. at 256-57. A plaintiff may not defeat summary judgment by substituting the conclusory allegations of his complaint with additional conclusory allegations. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (noting that denying a motion for summary judgment because of a genuine issue of material fact is "a world apart from assuming that general averments

embrace the specific facts needed to sustain the complaint"). Plaintiff, however, does not even bother to go beyond the allegations in the Complaint.

Second, to claim that the incidents were the proximate cause of Mendoza's injuries does not address whether the machine was defective, whether any such defect exists when it left Defendant's hands, or whether the defect caused Mendoza's injury. Nor has Plaintiff bothered to offer any evidence in support of his negligence claim or his breach of warranty claim.

Third, it is inaccurate to say that Gribetz has not contested the relevant facts in this case. Its answer denied liability and its motion for summary judgment, with accompanying uncontested facts, demonstrates that it does not see this case in the same manner as Plaintiff. The fact that Defendants do not dispute that Mendoza's hand was trapped in a quilting machine does not end the inquiry. Relying on the circumstances under which Mendoza suffered injuries to support his allegations raises nothing more than a "metaphysical possibility" that those injuries were caused by a defect in Defendant's product. *See Booth v. Black & Decker, Inc.*, 166 F. Supp. 2d 215, 222-23 (E.D. Pa. 2008). Such wishful thinking is not a substitute for evidence.

Mendoza's negligence and breach of warranty claims must also be dismissed. The elements of proof necessary to sustain a breach of warranty claim are similar to those required to state a strict liability claim and thus his breach of warranty claim suffers from the same defects as noted previously. *See Mracek v. Byrn Mawr Hosp.*, 610 F. Supp. 2d 401, 407 (E.D. Pa. 2009).

Along with his breach of warranty claim, Mendoza appears to have abandoned his negligence claim. Although evidence of a defect is not required for this claim, the failure to present evidence that a breach of duty by Defendant caused Mendoza's injury is fatal to this claim. *See id*. at 408-09.

## IV. CONCLUSION

The injuries Mendoza suffered while using Defendant's product are unfortunate. It is also unfortunate that, based upon Plaintiff's submissions, this case appears to have fallen through the cracks. Nevertheless, the dearth of support for Plaintiff's case precludes him from presenting his case to a jury. Defendant's motion for summary judgment must therefore be granted. An appropriate Order will be docketed separately.